## CAMPBELL vs. SWAN.

The sale of lands under a statutory foreclosure of a mortgage is void where there are no bidders present at the sale except the auctioneer, who bids in the property on behalf of the mortgagee.

An assignee, who takes an assignment of a contract of purchase, to secure a debt due to him from the assignor, cannot, on default of payment, maintain an action of ejectment against his assignor to recover the possession of the lands.

Whether a statutory foreclosure of a mortgage operates to bar an *equitable* interest in the land, unless such interest is specified in the statute as entitling the owner of it to notice of the foreclosure, except in favor of *bona fide* purchasers without notice of such equitable interest ? *Quære.*

THIS was an action of ejectment. One Henry D. Rolph, in 1850, purchased the premises of Jared House, and gave back his mortgage for $1200, part of the purchase money. House assigned the mortgage to the plaintiff, Lewis Campbell, in January, 1863; there being due and unpaid on it the sum of about $500.

Rolph sold the premises by an executory contract of sale to the defendant, Jefferson L. Swan, in January, 1852. Swan went into possession and paid up the contract in full within three years, but has never received a conveyance of the premises. On the 3d day of August, 1854, he assigned his interest in the premises and in said contract, by writing, to Charles W. and Charles M. Stevens, assignees of Jesse Brown, to secure the payment of the sum of $500, which was transferred by certain mesne assignments to the plaintiff on the 20th day of April, 1863, he paying therefor the sum of $200. It appeared on the trial that Swan, the defendant, had only paid $160 of his indebtedness to C. W. and C. M. Stevens and their assigns. On the same day that Campbell took this assignment, he commenced proceedings by advertisement under the statute, to foreclose the mortgage, and on the 25th day of July the premises were offered for sale under such proceedings, by his attorney, and struck off to the plaintiff; no one being present at the time except his attorney. No notice of foreclosure was served upon the defendant.

The action was referred, and resulted in a judgment in favor of the plaintiff. The defendant having made a case and exceptions, appealed from the judgment.

*C. D. Adams,* for the appellant.

*B. Knox,* for the respondent.

MORGAN, J. The defendant was in possession of the mortgaged premises under a contract of sale. Although he had paid up the vendor, he had not paid up the mortgage ; and having purchased expressly subject to it, he was liable to be turned out of possession by its foreclosure in equity, if not by advertisement under the statute. He had however transferred his contract and his rights under it, as security for the payment of another demand. The plaintiff afterwards became the assignee of the defendant's contract thus transferred, and also of the mortgage, the defendant still remaining in possession of the premises. The question whether the plaintiff, as assignee of the defendant's contract, could obtain possession of the premises, was not raised upon the trial nor discussed by the counsel.

The referee must have held that the foreclosure of the mortgage extinguished the defendant's interest under the contract, although he was not made a party. And perhaps it was not proper to make him a party, as his claim or equity was not such a title as could be put upon record. The statute expressly excepts *executory contracts* for the sale or purchase of lands from the operation of the recording acts. (1 *R. S.* 762, § 38.) The defendants not having an interest or title which could be recorded, it was unnecessary to serve him with a copy of the notice of foreclosure, as this notice is to be served only upon subsequent *grantees* of the premises, whose conveyance shall be upon record at the time of the first publication of the notice. (*Laws of* 1844, *chap.* 346, § 1.) The defendant clearly was not a subsequent *grantee,* within

---

---

the meaning of this section. But still he had an equitable interest in the premises, and being in possession, such possession was notice of his right to all the world. And in an action in a court of equity, it would seem to be necessary to make him a party, in order to foreclose his rights under the contract. (2 *Hilliard on Mort.* 110. *Story's Eq. Pl.* §§ 193, 197. *Williamson* v. *Field,* 2 *Sandf. Ch.* 533. *Watson* v. *Spence,* 20 *Wend.* 260. *Fuller* v. *Van Geesen,* 4 *Hill,* 174.)

It is a question of some importance to the profession to know how far the foreclosure of a mortgage by advertisement under the statute operates upon those equitable interests, which are not specified, but which are recognized both at law and in equity as substantial rights of action. It is doubtless desirable to protect a *bona fide* purchaser against latent equities, but it would be wrong to cut off parties by a statutory foreclosure of the mortgage, whose claims are known, but who are not entitled to notice.

The effect of a statute foreclosure is, however, declared in section 8 of the Laws of 1844, chapter 346 : (1.) The *mortgagor, his heirs and representatives* are concluded by it. (2.) All persons claiming under him or them by virtue of *any title subsequent* to such mortgage. (3.) Any person having a lien by any judgment or decree subsequent to such mortgage ; and (4.) Any person having any lien or claim by or under such subsequent judgment or decree, *who shall have been served with notice of sale as required by law.* It must be acknowledged that a statutory foreclosure against persons, entitled to notice, is void as to such persons, unless they have been served with notice as required by law. I should be better satisfied if the statute had directed notice to be served upon all persons who would be entitled to be made parties in a court of equity. The statute undertakes, however, to cut off the heirs by a statutory foreclosure of the mortgage, without being served with notice, unless the effect is restricted by the latter part of the section. And it must be acknowledged that subsequent purchasers having only an equitable title,

Campbell *v.* Swan.

although in possession of the mortgaged premises, have generally been considered as concluded by a sale under the statute of which they have had no notice, upon the ground that the statute embraces subsequent *equitable* as well as legal titles. (1 *Hill,* 110. 6 *id.* 67. 2 *Denio,* 353.) But it is obvious that there is no reason for not giving them notice. Their possession is sufficient notice of their claims ; and the statute should provide for serving them with notice before barring them of their equity of redemption. If we should construe the statute as having to do mainly with the legal title, it might be held that it did not include equitable interests, not specifically provided for, which are proper subjects for adjustment in a court of equity. The effect of such a construction would be to compel a foreclosure in equity where there were known equitable interests to be dealt with not specifically enumerated in the statute regulating the foreclosure of mortgages by advertisement.

It may be that notice to the mortgagor, who had no interest in this case, operated to bar the equity of redemption of the real party in interest ; and thus it may happen that the notice of sale may never come to the knowledge of the party most interested. Indeed, pains are taken in many cases to publish the notice in some obscure paper so as to evade giving the notice to the party in interest ; and thus the party really owning the equity of redemption may be deprived of an interest as valuable to him as though he had taken a conveyance and put it upon record so as to entitle himself to notice of the foreclosure. It is not his fault that his title, so called, is not recorded. It is only an *equitable* title, and not the subject of record. If, however, we construe section eight as involving a subsequent *equitable,* as well as a *legal* title, then it is apparent that the foreclosure will operate to cut it off without notice.

It was doubtless competent for the legislature to declare who should have personal notice, and what interest should be cut off by publication and posting, without further notice.

But having enumerated certain claims, it may be questioned whether others, not enumerated, are thus foreclosed.

But without discussing these questions further, it will be only necessary to inquire in this case, whether the plaintiff acquired the title of the mortgagor by the attempted foreclosure; for if he did not, I think he is in no situation to maintain this action. Formerly, it was held that the mortgagee could not, upon general principles, be both buyer and seller. The statute now allows him to become the purchaser, if he purchases *fairly* and in *good faith*. (2 *R. S.* 546, § 7.) It is questionable, at least, whether the auctioneer who conducts the sale, can bid in the property for himself or another. The statute allowing the mortgagee to become the purchaser *fairly* and in *good faith*, did not, I think, contemplate that he should be the auctioneer as well as the purchaser. His crying off the property to himself, is not such a sale as the statute authorizes him to make. Sales at public auction are regulated by certain well known rules, which are necessary to create competition and enhance bids for the property. No one would regard a sale at auction as a *fair sale*, if the auctioneer should cry off the property to himself. It is going far enough to allow the attorney to become the auctioneer when his client is a bidder at the sale. But if the sale was unobjectionable for the reason that the attorney cried off the property to his client, who was not present, then I think it should be held void, upon the ground that it was not a sale of the premises at *public auction* within the meaning of the statute. It might have been good, if the plaintiff had been present to bid in the property; but it does not satisfactorily appear, nor is it found by the referee, that any one was present when the attorney offered the property for sale and struck it off to himself on behalf of his client who was absent. There can be no legal auction if no one is present but the auctioneer, and the sale should be postponed.

If I am correct in these views, it follows that the plain-

tiff's title under the mortgage is that of a mortgagee before foreclosure, especially as to the defendant; and that he cannot maintain ejectment upon such a title. (2 *R. S.* 312, § 57.) It is not stated in the case that the defendant agreed to pay off the mortgage, but it is stated that he purchased subject to the mortgage. Unless he agreed to pay the mortgage debt, he is not in default upon his contract, so that his vendor can turn him out of possession. If therefore the plaintiff has taken the title of the mortgagor, and occupies his position, he cannot maintain ejectment against the defendant under his contract, without showing that he is in default as to his payments.

Can the plaintiff maintain ejectment as the assignee of the defendant's contract? The assignment, as before stated, was by way of security for a debt which the defendant owed to the assignees of Jesse Brown. It is in the nature of a mortgage to secure the balance of the debt to Brown's assignees. It may doubtless be foreclosed in equity as a mortgage: but I know of no ground upon which it can be treated as investing the plaintiff with a legal right to the immediate possession of the premises, as against the defendant.

The defendant's title under the contract, coupled with the possession, is, as we have seen, in *equity* only. He may defend his possession under it by showing that he has kept up the payments; but his assignee, who takes an assignment of the contract merely as security, has, I think, no such claim as would enable him to obtain possession of the premises. In *Lessee of Willink* v. *Niles*, (1 *Peters' C. C. Rep.* 429,) it was held that an agreement by the lessor of the plaintiff for the sale and conveyance of the land to the defendant, cannot be given in evidence in a trial at law, as it is at most only evidence of an *equitable* title. It is doubtless as necessary now as formerly that the plaintiff should be clothed with the legal title, in order to support an action of ejectment. (*Til-*

Campbell *v.* Swan.

*linghast's Adams on Eject.* 32.) Such being the law, as I understand it, there are no grounds upon which the plaintiff can maintain his action of ejectment as assignee of the defendant's contract.

Upon the whole case I have come to the following conclusions :

(1.) That it is questionable whether a statutory foreclosure of a mortgage will bar an equitable interest in the land, unless such interest is specified in the statute as entitling the owner of it to notice of the foreclosure, except in favor of *bona fide* purchasers without notice of such equitable interest.

(2.) That the sale of the premises was absolutely void in this case, because there were no persons present, and the auctioneer could not strike off the premises to his client, who was absent.

(3.) That the assignee of the purchaser of lands under an executory contract of sale, who takes the assignment as security for the payment of a debt, cannot on default of payment, recover possession of his assignor, in an action of ejectment.

BACON and FOSTER, JJ., concurred in holding the sale void, but expressed no opinion as to the effect of a statutory foreclosure upon the equitable title of the defendant.

MULLIN, J. dissented.

[ONONDAGA GENERAL TERM, January 3, 1865. *Morgan, Bacon, Foster* and *Mullin,* Justices.]