## ISAIAH V. WILLIAMSON ET AL.
## v.
## ISAAC STONE AND JULIA A. STONE.

*Trust Deeds—Sale under Power—Validity—Bill to Redeem—Laches.*

Upon a bill to redeem from a sale under a power in a trust deed, it is *held:* That the sale was of a character wholly unauthorized by the power; that it merely amounted to a private sale, though public in form ; that the right of complainant to redeem existed in full force when the bill was filed; and that the doctrine of *laches* has no application.

[Opinion filed September 6, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. MELVILLE W. FULLER, for appellants.

Mr. W. C. GOUDY, for appellees.

McAllister, J. This case was before us at a former term of this court, upon appeal from the decretal order of the Circuit Court, denying the motion of the complainants to amend their bill as originally filed, in an essential particular, and dismissing the same for want of equity. On that occasion this court reversed said decree and remanded the cause with directions to permit the amendment. Stone v. Williamson, 17 Ill. App. 175, where may be found a statement of the case, which need not be repeated here.

Upon the cause going back to the lower court the proposed amendment of the bill was made, and the defendant made further answer setting up, amongst other things, the defense of *laches* on the part of complainants, to which the latter filed a replication.

Additional evidence was adduced and the case coming on to be heard upon pleadings and proofs, a decree passed allowing the complainants to redeem the premises from the trust deed in question by paying to Williamson all that was justly due him for principal and interest. From that decree he brings this present appeal, and his counsel, besides controverting certain allegations of the complainants below, seems to rely chiefly upon the ground of *laches*, because the alleged foreclosure by sale under the power took place December 22, 1878, and this bill to redeem was not filed until August 11, 1883. The rights of no third parties have intervened.

It seems to us clear, upon principal and reason, that if the sale in question was null, either because the power had become extinct, or because the sale, as made, was of a character wholly unauthorized by the instrument conferring a power of sale, the right of appellees to redeem must be regarded as existing in full force, and the doctrine of *laches* has no appli cation. Bergen v. Bennet, 1 Cai. Cas. 15. The power had not become extinct; but in the light in which we view it, the alleged sale was of a character wholly unauthorized by the power under which it was made. That power authorized only a sale at public auction. Where an agent is authorized to sell real estate at public auction, and he sells at private sale, the sale is void. Daniel v. Adams, 1 Amb. 495; Ewell's Evans on Ag., marg. p. 122.

It appears from the evidence that the alleged sale was made in this way : On the day of the sale, but before it took place, Phelps, the trustee, without any authority from Williamson, express or implied, decided upon the price at which the property should be sold, and fixed it at $9,000; he also procured the attendance of an attorney at law who had been, and was then, acting as his own attorney, and suggested to him to bid for the premises on behalf of Williamson, the mortgagee or beneficiary under the trust deed, said sum of $9,000. No other bidders were present; the attorney bid the sum which the trustee had decided upon, and notified him to bid, and the premises were formally struck off to Williamson, to whom the trustee executed his deed.

In our opinion, whatever formalities may have been observed in other respects, there was not, in any legal sense, a sale at public auction, simply because a price was previously fixed and determined upon by the trustee, and communicated to and acted upon by the person who ostensibly acted as bidder for Williamson in his absence, and without authority from the latter, so far as the record shows; but if he had authority, then the transaction amounted to a mere private sale, and was void. In Hibler v. Hoag, 1 Watts & Serg. 552, the court say: "In every sort of auction there are either successive bids for the property, or successive offerings of it at different prices, in a way to provoke competition." Crandall v. The State of Ohio, 28 Ohio St. 479 ; Campbell v. Swan, 48 Barb. 109.

In the light of the authorities cited we are inclined to the opinion that the alleged sale was null and void, so that at the time of bringing this bill to redeem, the appellee's right of redemption existed in full force.

The evidence is voluminous and much of it immaterial, but without discussing it we feel at liberty to state that, in our opinion, there is sufficient evidence coming from the side of the defendants below, upon whom rested the burden of showing a valid sale, to justify the court below in finding it null and void.

*Decree affirmed.*